NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JOEL DANA MANZUTTO, by and through his
Conservator DIANA MANZUTTO, *Petitioner*,

*v.*

THE HONORABLE DAVID B. GASS, Judge of the
SUPERIOR COURT OF THE STATE OF ARIZONA,
in and for the County of MARICOPA, *Respondent Judge*,

ISEC, INC., *Real Party in Interest*.

No. 1 CA-SA 18-0128
FILED 7-31-18

Petition for Special Action from the Superior Court in Maricopa County
No. CV2017-011627
The Honorable David B. Gass, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED IN PART**

COUNSEL

Levenbaum Trachtenberg, PLC, Phoenix
By Geoffrey M. Trachtenberg, Justin Henry
*Counsel for Petitioner*

Lewis Brisbois Bisgaard & Smith LLP, Phoenix
By Carl F. Mariano, Gina M. Bartoszek, Haley A. Harrigan
*Counsel for Real Party in Interest ISEC, Inc.*

The Sorenson Law Firm, LLC, Tempe
By Johnny J. Sorenson, Matthew M. Nicely
*Counsel for Real Party in Interest Shannon Stearns*

Miller, Pitt, Feldman & McAnally, P.C., Tucson
By Stanley G. Feldman
*Co-Counsel for Amicus Curiae Arizona Association for Justice/Arizona Trial
Lawyers Association*

Ahwatukee Legal Office, P.C., Phoenix
By David L. Abney
*Co-Counsel for Amicus Curiae Arizona Association for Justice/Arizona Trial
Lawyers Association*

Jones, Skelton & Hochuli, P.L.C., Phoenix
By Lori L. Voepel, Jonathan Paul Barnes, Jr.
*Counsel for Amicus Curiae Arizona Association of Defense Counsel*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which
Presiding Judge James B. Morse Jr. and Judge Kent E. Cattani joined.

---

**W I N T H R O P**, Judge:

¶1      This special action arises out of an order entered by the superior court, compelling Joel Dana Manzutto ("Petitioner"), through his conservator, to execute authorizations permitting Real Party in Interest, ISEC, Inc. ("ISEC")[1], to obtain Petitioner's medical records.[2]  This court has

---

[1]      Defendant Shannon Stearns joins ISEC's Response to the Petition for Special Action; for ease of reference, we refer to both Real Parties in Interest collectively as "ISEC."

[2]      ISEC also sought authorizations for Petitioner's employment, insurance, and compensation records.  Because these authorizations are not

considered the parties' written submissions.[3]  Because special action is an appropriate means of relief when the superior court orders a party to disclose what is or what may be privileged, *see e.g., Blazek v. Superior Court*, 177 Ariz. 535, 536 (App. 1994), we accept jurisdiction and grant relief in part.

**PROCEDURAL BACKGROUND**

**¶2**         Petitioner initiated an action against ISEC, seeking damages for serious personal injuries arising out of an October 2016 motor vehicle collision.  In the underlying action, Petitioner seeks recovery for pain, suffering, and other general damages; past medical expenses and the cost of future medical care; lost earnings and loss of prospective earning capacity; and loss of enjoyment of life and other hedonic damages.[4]

**¶3**         In his initial and supplemental disclosure statements, Petitioner identified numerous health care providers, and produced thousands of pages of medical records.  ISEC sought to verify the accuracy and completeness of these disclosures, and requested that Petitioner execute authorizations requiring the various medical providers to produce medical records directly to ISEC's counsel.

**¶4**         ISEC's medical authorizations requested, in part, "[a]ny and all records" for Petitioner, including a "release of records of confidential information relating to testing and treatment of alcohol, chemical or drug abuse . . . tests or treatment for communicable diseases including any HIV-related information . . . psychotherapy/mental health treatment and notes . . . and, genetic testing information."  The medical authorizations further directed that the recipient "produce copies of ALL records in your

---

addressed in the Petition, we limit our analysis and the relief granted to the medical authorizations.

[3]     We have received and considered the Petition for Special Action, ISEC's Response, Petitioner's Reply, and only with respect to the issues raised before the superior court, we have accepted and considered Arizona Association for Justice/Arizona Trial Lawyers Association's First Amended *Amicus Curiae* Brief, and Arizona Association of Defense Counsel's *Amicus Curiae* Brief.

[4]     In their briefing to this court, the parties advise that Petitioner has incurred over $2 million in medical care and expenses to date, will require additional medical care, and likely will not make any meaningful physical recovery or return to gainful employment.

possession pertaining to the above individual, and not just those records you deem to be relevant or related to one particular accident, event or circumstance."

**¶5** Petitioner declined to execute ISEC's authorizations as requested; however, counsel for Petitioner offered to provide modified authorizations that would instead direct the production of these records to Petitioner's counsel. Once received and reviewed, Petitioner proposed to produce copies of all relevant and non-privileged records to defense counsel. For any withheld records, Petitioner's counsel offered to provide a privilege log and submit any contested records to the superior court for an *in camera* review, similar to the process outlined in *Blazek*. *See* 177 Ariz. at 542.

**¶6** After an unsuccessful meet and confer on the issue of the authorizations, ISEC moved to compel Petitioner to execute the requested authorizations, arguing Petitioner waived any alleged privilege by placing his medical condition at issue when he filed the underlying action. In response, Petitioner contended that the implied waiver resulting from filing the lawsuit was "limited to the medical records for the treatment of his traumatic brain injury and orthopedic injuries," which Petitioner avowed have all been produced. Following briefing, the superior court granted the motion, directing Petitioner to execute ISEC's authorizations and further ordered Petitioner to execute any future defense-requested authorizations within thirty days of issuance.[5] This Petition for Special Action followed.

## ANALYSIS

**¶7** In Arizona, the physician-patient privilege is statutory. *See* Ariz. Rev. Stat. ("A.R.S.") § 12-2235 (prohibiting a physician from offering testimony revealing physician-patient communications without patient consent). The patient is the holder of this privilege and can waive it. *See* A.R.S. § 12-2236. A patient waives any claim to privilege of medical records when he: (1) expressly waives the privilege in writing; (2) voluntarily

---

[5] The superior court's order (1) summarily grants ISEC's Motion to Compel, which mandates Petitioner execute all authorizations (medical, employment, and insurance); (2) denies ISEC's request for attorneys' fees and costs associated with its Motion to Compel; (3) requires Petitioner to provide authorizations for identified medical providers by June 15, 2018; and (4) mandates that Petitioner execute "any future defense-requested authorizations that include an identified medical provider within 30 days of receiving the request."

testifies about the subject medical condition in open court; or (3) "pursu[es] a course of conduct which is inconsistent with the observance of the privilege, such as by placing the underlying . . . condition at issue as a claim or an affirmative defense." *Blazek*, 177 Ariz. at 541; *see also Bain v. Superior Court*, 148 Ariz. 331, 334 (1986) (recognizing that the scope of an implied waiver of the physician-patient privilege only extends to privileged communications concerning a specific condition that has been voluntarily placed at issue by the privilege holder).

¶8        ISEC argues that Petitioner has placed his entire medical condition at issue and has therefore impliedly waived any privilege. Petitioner concedes waiver of privilege only with respect to the particular medical conditions caused by the motor vehicle collision.

¶9        Without question, Petitioner has placed at issue and waived any medical privilege for records detailing (1) the care and treatment of his injuries resulting from the subject collision; and (2) the care, analyses, calculations, and opinions that form the basis or affect the computation of future health care needs, loss of earning capacity and life expectancy, and other claimed damages.  Determining the ultimate scope of implied waiver, as measured by relevance to the issues raised in the litigation to date, is the point of the current controversy.

¶10        Petitioner's counsel avows that they have produced all records in their possession, and will, in good faith, continue to produce all other non-privileged records they obtain that are relevant to these issues. In their memoranda submitted to the superior court and this court, ISEC implies that Petitioner will "self-select" the relevant records, leaving ISEC no meaningful recourse.

¶11        This type of dispute is not new.  In most cases, counsel can and should ultimately agree on the nature and scope of the medical conditions at issue and the extent of the records that may be relevant to those conditions.  Further, counsel often cooperate in how the records are obtained and shared.  However, where, as here, there is disagreement about both relevance and waiver, the superior court must intervene.

¶12        In this instance, the superior court abused its discretion in summarily granting ISEC's Motion to Compel.  The superior court did not hold a hearing on the issue, and its minute entry does not provide any reasoning that explains why it granted ISEC's request for blanket medical authorizations, including whether it agrees with ISEC that Petitioner has impliedly waived all privilege.  Similarly, there is no indication of what

factors the court considered in making its decision. For these reasons, we accept jurisdiction of this Petition for Special Action and grant relief in part.

¶13 To resolve the present issue, the superior court should make the appropriate findings as to the extent of Petitioner's waiver of privilege. Then the court shall direct the parties to fashion a procedure to determine relevance and waiver issues regarding Petitioner's medical records. If the parties cannot agree on a procedure to follow, the court shall impose a process for the parties to follow. The superior court shall, in the absence of an agreement of the parties, determine what procedure is appropriate. That procedure, at the superior court's discretion, may (1) require the medical authorizations be modified to direct the production of records to Petitioner's counsel, requiring immediate review and production of relevant, non-privileged records, along with a detailed privilege log identifying those documents being withheld and the reason therefor, allowing ISEC to then seek an order compelling production of the contested documents; or (2) direct that the medical authorizations require the subject records be directly produced to the court or to a court-appointed special master for review and report to the court and the parties as to relevance and waiver issues; or (3) consider whether, under these circumstances, some form of mutual confidentiality order might be sufficient to advance the goals of discovery while still providing sufficient protection concerning privileged and/or non-relevant information. There certainly may be other options for the parties to propose and for the superior court to elect. We express no opinion as to which option the superior court should implement. The portion of the superior court's May 10, 2018 order requiring Petitioner to execute ISEC's medical authorizations, current and "future defense-requested," is vacated.

¶14 Each party shall bear its own attorneys' fees incurred in this special action. As the prevailing party, Petitioner is awarded his reasonable costs, provided he timely complies with Arizona Rule of Procedure for Special Actions 4(g) and Arizona Rule of Civil Appellate Procedure 21.

